SMITH *v.* SMITH.

4-5745                                                    135 S. W. 2d 679

Opinion delivered January 15, 1940.

*Frierson & Frierson,* for appellant.
*Bon McCourtney,* for appellee.

McHANEY, J. This litigation is between father and son, appellant, J. W. Smith, being the father of the other appellant, Thomas, and of the appellee, Charles. While Thomas is named as an appellant, he does not appear to claim any interest in the litigation, and this appeal is a contest between J. W. Smith and Charles Smith, neither of whom was satisfied with the decision below, and there is here a direct and a cross-appeal.

For some years appellant has owned and operated a mercantile business in Black Oak, in Craighead county, consisting of a local store and a rolling store, the latter being a truck stocked with merchandise and moving over the roads and highways from place to place. For some four or five years prior to January 1, 1938, appellee had been working for his father, operating the rolling store for some portion of that time in the latter part of that period. Appellee says that since 1934 or beginning in that year he was in partnership with his father on a 50-50 basis, operating under the name of J. W. Smith & Son. The store building bore a sign to this effect, but appellant says there was no partnership until January 1, 1938. The trial court found there was no partnership during that period and we cannot say this finding is contrary to the preponderance of the evidence.

Appellant has been married four times. His first wife was the mother of appellee and Thomas. His third wife was a Mrs. Blalock who had a son by a former marriage named Henry Keith. She owned some property and died testate in the fall of 1937. Her will gave all her property to appellant, except $1.00 to her son, Henry Keith. There was some talk in the community that Henry Keith was going to contest the will and to recover his mother's estate from appellant, and sometime thereafter appellant turned over to appellee the sum of $1,725 to forestall a possible suit by Henry Keith. As to this claim of appellant against appellee, the court found that this was done to avoid the effect of any legal process that might be issued in any suit that might be brought against him and dismissed his complaint as to

this item for want of equity. Appellee says this money was paid to him for his share of the partnership profits. Appellant says he turned this money over to his son "for safe keeping at a time I expected possible trouble with Keith." He settled with Keith about December 4, 1938, but just what settlement was made is not disclosed. We think the court correctly left appellant where it found him in this regard. He came into equity with soiled hands. But says appellant, appellee recognized his obligation to return this money, because he paid, at his father's request, on February 11, 1938, $441 for merchandise, and on March 4, 1938, paid $455 upon a new truck. We do not think these payments by appellee, while the new partnership, beginning January 1, 1938, was in existence, operated to suspend the maxim or rule that one who comes into equity must come with clean hands.

On December 22, 1937, appellant and his new wife executed and delivered to appellee a deed to two lots in Black Oak, as a Christmas present, telling him at the time to take the money he had given him and build him a new house. Appellee did build himself a house. Appellant sought to recover this property in this suit, but the trial court found that it was a consummated gift, and we cannot say this finding is against the weight of the evidence.

Several other items are involved in this litigation. We think it would serve no useful purpose to discuss them as they involve questions of fact only. However, we have carefully considered the arguments presented on the different items, both on appeal and cross-appeal, and find that the trial court meted out substantial justice, or at least we cannot say the decree as to any item is contrary to the preponderance of the evidence.

Affirmed on appeal and cross-appeal.